JUSTIN STARK
HENDRICKSON LAW FIRM, P.C.
208 North Broadway, Suite 324
P.O. Box 2502
Billings, Montana 59103-2502
Telephone: (406) 245-6238
Fax: (406) 245-6253
Email: justin@hendricksonlawmt.com

Of Attorneys for Plaintiff

UNITED STATES DISTRICT COURT, DISTRICT OF MONTANA

| | |
|---|---|
| UNITED STATES, for the use of,<br><br>WHITETAIL GENERAL CONSTRUCTORS, LLC, a Montana limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>NORTHCON, INC., an Idaho corporation, and NATIONWIDE MUTUAL INSURANCE COMPANY, an Ohio corporation,<br><br>Defendants. | Case No.: CV-24-64-BLG-SPW-TJC<br><br>COMPLAINT |

The plaintiff, Whitetail General Constructors, LLC ("Whitetail"), by its counsel of record and in support of its claims for relief, alleges as follows:

## JURISDICTION AND COMMON ALLEGATIONS

1. This action is brought pursuant to the Miller Act, 40 U.S.C. §§ 3131 – 3133.

2. Whitetail is a Montana limited liability company engaged in the business of construction contracting.

3. Defendant Northcon, Inc. ("Northcon") is an Idaho corporation engaged in the business of construction contracting.

4. On or about September 12, 2023, Northcon entered into a contract with United

COMPLAINT - 1

States Department of Health & Human Services, Indian Health Service, Contract No. 75H70123C00028 (the "Prime Contract") for the construction of the Crow 18-Plex Apartment Building, Project No. BI19CR300Q8 (the "Project"). The Project is being constructed within the geographical area of the United States District Court for the District of Montana.

5. Nationwide Mutual Insurance Company ("NMIC") is an Ohio corporation engaged in the business of surety in the state of Montana.

6. On or about September 19, 2023, Whitetail and Northcon entered into a subcontract under which Whitetail would provide electrical installation and low voltage cabling for the Project and Northcon would pay Whitetail (the "Electrical Subcontract").

7. On or about September 23, 2023, Whitetail and Northcon entered into a subcontract under which Whitetail would provide plumbing for the Project and Northcon would pay Whitetail (the "Plumbing Subcontract").

8. On or about September 29, 2023, Defendant Nationwide Mutual Insurance Company ("NMIC"), and Northcon executed a payment bond No. 7901157396 (the "Payment Bond") ensuring the prompt payment of all persons having a direct relationship with Northcon for furnishing labor, material or both in the prosecution of the work provided for in the Prime Contract, and any authorized modifications of the Prime Contract that subsequently are made. A copy of the Payment Bond is attached hereto and incorporated herein as **Exhibit 1**.

9. Whitetail performed work for the Project under the Electrical Subcontract and the Plumbing Subcontract.

10. Whitetail has not been paid in full within 90 days after the day on which Whitetail performed the last of the labor or furnished the material for the Project and for which Whitetail's claims are made in this case.

COMPLAINT - 2

11. Based on the foregoing, jurisdiction and venue are proper in the above-captioned Court.

## FIRST CLAIM
### (Payment Bond)

12. Whitetail incorporates in this paragraph the pleading paragraphs set forth above.

13. Despite Whitetail's demand to Defendants for payment in full, Defendants have failed to timely pay Whitetail in full.

14. The obligation and conditions of the Payment Bond require Defendants to promptly pay Whitetail for its work for the Project.

15. Defendants' failure to promptly pay Whitetail has caused damages to Whitetail.

16. Whitetail is damaged in the principal sum of $895,551.98, plus interest as provided by law.

## SECOND CLAIM
### (Breach of Subcontracts – Against Northcon Only)

17. Whitetail incorporates in this paragraph the pleading paragraphs set forth above.

18. Northcon breached the Electrical Subcontract and the Plumbing Subcontract in the following ways:

    a. Northcon failed to timely pay Whitetail in full for Whitetail's work under the subcontracts;

    b. Northcon wrongfully terminated Whitetail under the subcontracts;

    c. Northcon mismanaged the Project, including without limitation the change order and pay application processes;

    d. Northcon improperly withheld amounts due under the subcontracts;

    e. Northcon improperly back-charged amounts to Whitetail, including

COMPLAINT - 3

purchasing materials and labor "on behalf" of Whitetail without notice or justification; and

  f. Northcon, without just cause, made payment, in part, by joint check to Whitetail and a subcontractor.

19. Northcon's breach of the Subcontracts has caused damages to Whitetail.

20. Whitetail is damaged in the principal sum to be proved at trial, plus interest as provided by law.

### THIRD CLAIM
**(Breach of Implied Covenant of Good Faith and Fair Dealing – Against Northcon Only)**

21. Whitetail incorporates in this paragraph the pleading paragraphs set forth above.

22. The Electrical Subcontract and the Plumbing Contract contained an implied covenant of good faith and fair dealing.

23. Northcon breached the implied covenant of good faith and fair dealing by, without limitation:

  a. Northcon failed to remedy its mismanagement of the pay application process;

  b. Northcon failed to cooperate with Whitetail regarding the pay application process;

  c. Northcon failed to act in good faith by requiring Whitetail to provide Whitetail's own bond or other security for the Project;

  d. Northcon failed to act in good faith in resolving disputes between Northcon and Whitetail;

  e. Northcon wrongfully terminated Whitetail under the subcontracts;

  f. Northcon misrepresented pertinent and necessary information in its

COMPLAINT - 4

Project-related communications with Whitetail; and

g. Northcon improperly interfered with Whitetail's employment relationship with certain of Whitetail's employees.

24. Northcon's breaches of the implied covenant of good faith and fair dealing have caused damage to Whitetail.

25. Whitetail is entitled to recover all damages suffered as a result of Northcon's breaches of the implied covenant of good faith and fair dealing, in an amount to be proved at trial.

## FOURTH CLAIM
### (Failure to Timely Pay – Against Northcon Only)

26. Whitetail incorporates in this paragraph the pleading paragraphs set forth above.

27. Pursuant to Chapter 2, Part 21, Montana Code Annotated Chapter 2, Part 21, Northcon was obligated to timely pay Whitetail or timely provide a written statement to Whitetail regarding reasonable reasons for payment to be withheld.

28. Northcon failed to timely pay Whitetail and failed to timely provide a written statement to Whitetail regarding withheld payment.

29. Whitetail is entitled to payment in the principal sum as proved at trial.

30. Whitetail is entitled to interest on the principal sum at the rate of 1-1/2% a month.

31. Whitetail is entitled to its reasonable attorney fees and costs in this action, under Mont. Code Ann. § 28-2-105.

## FIFTH CLAIM
### (Negligent Misrepresentation – Against Northcon Only)

32. Whitetail incorporates in this paragraph the pleading paragraphs set forth above.

COMPLAINT - 5

33. On February 22, 2024, Northcon communicated to Whitetail that Project funding would be released to Northcon on February 23, 2024 and that Northcon would "start cutting checks" to Whitetail on Monday, February 26, 2024.

34. Northcon made a misrepresentation as to a past or existing material fact, i.e., that payment would be soon made to Whitetail.

35. The representation, i.e., that payment would be soon made to Whitetail, was untrue. Payment was not made to Whitetail on Monday, February 26, 2024, or at any time thereafter.

36. Regardless of its actual belief, Northcon made the representation without any reasonable ground for believing it to be true. Upon information and belief, Northcon knew that it would not be paying Whitetail timely or in full.

37. The representation, i.e., that payment would be soon made to Whitetail, was made with the intent to induce Whitetail to rely on it. Without limitation, Northcon intended to induce Whitetail to rely on the representation because Northcon was interested in slow-paying Whitetail for its work on the Project.

38. Whitetail was unaware of the falsity of the representation and was justified in relying upon the representation. Whitetail was unaware that Northcon would not be paying Whitetail soon on its pay applications, and Whitetail was justified in relying upon the misrepresentation because Northcon was the general contractor responsible for obtaining funding from the government in payment of Project applications for payment Northcon was the party obligated to pay Whitetail.

39. As a result of Whitetail's reliance on the misrepresentation, Whitetail sustained damages.

COMPLAINT - 6

40. The amount of Whitetail's damages will be proved at trial.

## SIXTH CLAIM
### (Tortious Interference – Against Northcon Only)

41. Whitetail incorporates in this paragraph the pleading paragraphs set forth above.

42. During Whitetail's work on the Project, Northcon enticed or induced employees of Whitetail to leave Whitetail's employ.

43. Northcon's actions were intentional and willful.

44. Northcon enticed or induced the employees with the wrongful intent to injure or damage Whitetail's business.

45. Northcon's actions were without right or justifiable cause.

45. Whitetail suffered damages and loss in its business as a proximate result of Northcon's acts.

46. The amount of Whitetail's damages will be proved at trial.

WHEREFORE, the Plaintiff, Whitetail General Constructors, LLC, requests judgment in its favor against the Defendants, Northcon, Inc., and Nationwide Mutual Insurance Company, as follows:

A. On the first claim (Payment Bond), against the Defendants, jointly and severally, in the principal sum of $895,551.98, plus interest as provided by law;

B. On the second claim (Breach of Subcontracts), against Northcon, Inc., in the principal sum to be proved at trial, plus interest as provided by law;

C. On the third claim (Breach of Implied Covenant of Good Faith and Fair Dealing), against Northcon, Inc., in an amount to be proved at trial, plus interest as provided by law;

D. On the fourth claim (Failure to Timely Pay), against Northcon, Inc., in the principal sum to be proved at trial, plus interest on the principal sum at the rate of 1-1/2% a

COMPLAINT - 7

month from the date due until paid, along with attorney fees and costs incurred by Whitetail in this action;

  E. On the fifth claim (Negligent Misrepresentation), against Northcon, Inc., in an amount to be proved at trial, plus interest as provided by law;

  F. On the sixth claim (Tortious Interference), against Northcon, Inc., in an amount to be proved at trial, plus interest as provided by law; and

  E. For such other or further relief to which Plaintiff may be entitled.

DATED this 3rd day of June, 2024.

      HENDRICKSON LAW FIRM, P.C.

      By: _____
        Justin Stark
        Of Attorneys for Plaintiff
        Whitetail General Constructors, LLC

COMPLAINT - 8

Bond No.: 7901157396

| PERFORMANCE BOND | DATE BOND EXECUTED (Must be same or later than date of contract) | OMB Control Number: 9000-0045 |
|---|---|---|
| (See instructions on reverse) | September 29, 2023 | Expiration Date: 8/31/2025 |

Paperwork Reduction Act Statement - This information collection meets the requirements of 44 USC § 3507, as amended by section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget (OMB) control number. The OMB control number for this collection is 9000-0045. We estimate that it will take 1 hour to read the instructions, gather the facts, and answer the questions. Send only comments relating to our time estimate, including suggestions for reducing this burden, or any other aspects of this collection of information to: General Services Administration, Regulatory Secretariat Division (M1V1CB), 1800 F Street, NW, Washington, DC 20405.

PRINCIPAL (Legal name and business address)

Northcon, Inc.
10615 N Government Way
Hayden, ID 83835

TYPE OF ORGANIZATION ("X" one)
[ ] INDIVIDUAL  [ ] PARTNERSHIP  [ ] JOINT VENTURE
[X] CORPORATION  [ ] OTHER (Specify)

STATE OF INCORPORATION
ID

SURETY(IES) (Name(s) and business address(es))

Nationwide Mutual Insurance Company
One West Nationwide Blvd., 1-14-301
Columbus, OH 43215-2220

PENAL SUM OF BOND

| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
|---|---|---|---|
| 20 | 751 | 077 | 00 |

| CONTRACT DATE | CONTRACT NUMBER |
|---|---|
| 9/12/2023 | 75H70123C00028 / 75H70123R00020 |

OBLIGATION:

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

CONDITIONS:

The Principal has entered into the contract identified above.

THEREFORE:

The above obligation is void if the Principal-

    (a) (1) Performs and fulfills all the understanding, covenants, terms, conditions, and agreements of the contract during the original term of the contract and any extensions thereof that are granted by the Government, with or without notice of the Surety(ies) and during the life of any guaranty required under the contract, and

    (2) Performs and fulfills all the undertakings, covenants, terms, conditions, and agreements of any and all duly authorized modifications of the contract that hereafter are made. Notice of those modifications to the Surety(ies) are waived.

    (b) Pays to the Government the full amount of the taxes imposed by the Government, if the said contract is subject to 41 USC Chapter 31, Subchapter III, Bonds, which are collected, deducted, or withheld from wages paid by the Principal in carrying out the construction contract with respect to which this bond is furnished.

WITNESS:

The Principal and Surety(ies) executed this performance bond and affixed their seals on the above date.

Northcon, Inc.  PRINCIPAL

| SIGNATURE(S) | 1. /s/ (Seal) | 2. (Seal) | 3. (Seal) |
|---|---|---|---|
| NAME(S) & TITLE(S) (Typed) | 1. Jack Daniels, General Manager | 2. | 3. |

[Northcon Inc. Corporate Seal]

INDIVIDUAL SURETY(IES)

| SIGNATURE(S) | 1. (Seal) | 2. (Seal) |
|---|---|---|
| NAME(S) (Typed) | 1. | 2. |

CORPORATE SURETY(IES)

| SURETY A | NAME & ADDRESS | Nationwide Mutual Insurance Company<br>One West Nationwide Blvd., 1-14-301, Columbus, OH 43215-2220 | STATE OF INCORPORATION<br>OH | LIABILITY LIMIT ($)<br>20,751,077.00 | Corporate Seal |
|---|---|---|---|---|---|
| | SIGNATURE(S) | 1. /s/ Melissa Wolf | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. Melissa Wolf, Attorney-in-Fact | 2. | | |

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition is NOT usable

STANDARD FORM 25 (REV. 8/2016)
Prescribed by GSA-FAR (48 CFR) 53.228(b)

**Complaint**
**Exhibit 1 - Page 1 of 5**

| CORPORATE SURETY(IES) (Continued) | | | | | |
|---|---|---|---|---|---|
| SURETY B | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT ($) | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY C | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT ($) | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY D | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT ($) | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY E | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT ($) | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY F | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT ($) | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY G | NAME & ADDRESS | | STATE OF INCORPORATION | LIABILITY LIMIT ($) | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |

| BOND PREMIUM | RATE PER THOUSAND ($) | TOTAL ($) |
|---|---|---|
| | 14.40/8.70/6.90/6.30 | $133,926.00 |

## INSTRUCTIONS

1. This form is authorized for use in connection with Government contracts. Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitations listed therein. The value put into the LIABILITY LIMIT block is the penal sum (i.e., the face value) of bonds, unless a co-surety arrangement is proposed.

(b) When multiple corporate sureties are involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated "SURETY(IES)" on the face of the form, insert only the letter identifier corresponding to each of the sureties. Moreover, when co-surety arrangements exist, the parties may allocate their respective limitations of liability under the bonds, provided that the sum total of their liability equals 100% of the bond penal sum.

(c) When individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28) for each individual surety shall accompany the bond. The government may require the surety to furnish additional substantiating information concerning its financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the words "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

Bond No.: 7901157396

| PAYMENT BOND (See instructions on reverse) | DATE BOND EXECUTED (Must be same or later than date of contract) September 29, 2023 | OMB Control Number: 9000-0045 Expiration Date: 8/31/2025 |
|---|---|---|

Paperwork Reduction Act Statement - This information collection meets the requirements of 44 USC § 3507, as amended by section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget (OMB) control number. The OMB control number for this collection is 9000-0045. We estimate that it will take 1 hour to read the instructions, gather the facts, and answer the questions. Send only comments relating to our time estimate, including suggestions for reducing this burden, or any other aspects of this collection of information to: General Services Administration, Regulatory Secretariat Division (M1V1CB), 1800 F Street, NW, Washington, DC 20405.

| PRINCIPAL (Legal name and business address) | TYPE OF ORGANIZATION ("X" one) |
|---|---|
| Northcon, Inc. 10615 N Government Way Hayden, ID 83835 | [ ] INDIVIDUAL  [ ] PARTNERSHIP  [ ] JOINT VENTURE  [X] CORPORATION  [ ] OTHER (Specify) STATE OF INCORPORATION ID |

| SURETY(IES) (Name(s) and business address(es)) | PENAL SUM OF BOND | | | |
|---|---|---|---|---|
| Nationwide Mutual Insurance Company One West Nationwide Blvd., 1-14-301 Columbus, OH 43215-2220 | MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
| | 20 | 751 | 077 | 00 |
| | CONTRACT DATE 9/12/2023 | CONTRACT NUMBER 75H70123C00028 / 75H70123R00020 | | |

OBLIGATION:

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit is indicated, the limit of liability is the full amount of the penal sum.

CONDITIONS:

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

WITNESS:

The Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

| Northcon, Inc. | | PRINCIPAL | | |
|---|---|---|---|---|
| SIGNATURE(S) | 1. [signature] (Seal) | 2. (Seal) | 3. (Seal) | Corporate SEAL |
| NAME(S) & TITLE(S) (Typed) | 1. Jace Daniels General Manager | 2. | 3. | |

| | INDIVIDUAL SURETY(IES) | |
|---|---|---|
| SIGNATURE(S) | 1. (Seal) | 2. (Seal) |
| NAME(S) (Typed) | 1. | 2. |

| | | CORPORATE SURETY(IES) | | |
|---|---|---|---|---|
| SURETY A | NAME & ADDRESS | Nationwide Mutual Insurance Company One West Nationwide Blvd., 1-14-301, Columbus, OH 43215-2220 | STATE OF INCORPORATION OH | LIABILITY LIMIT $20,751,077.00 |
| | SIGNATURE(S) | 1. [signature] | 2. | Corporate Seal |
| | NAME(S) & TITLE(S) (Typed) | 1. Melissa Wolf Attorney-in-Fact | 2. | |

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition is NOT usable

STANDARD FORM 25A (REV. 8/2016)
Prescribed by GSA-FAR (48 CFR) 53.228(c)

**Complaint**
**Exhibit 1 - Page 3 of 5**

| | | CORPORATE SURETY(IES) *(Continued)* | | | | |
|---|---|---|---|---|---|---|
| **SURETY B** | NAME & ADDRESS | | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | | 2. | | |
| **SURETY C** | NAME & ADDRESS | | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | | 2. | | |
| **SURETY D** | NAME & ADDRESS | | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | | 2. | | |
| **SURETY E** | NAME & ADDRESS | | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | | 2. | | |
| **SURETY F** | NAME & ADDRESS | | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | | 2. | | |
| **SURETY G** | NAME & ADDRESS | | | STATE OF INCORPORATION | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | | 2. | | |

## INSTRUCTIONS

1. This form, for the protection of persons supplying labor and material, is used when a payment bond is required under 40 USC Chapter 31, Subchapter III, Bonds. Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitations listed therein. The value put into the LIABILITY LIMIT block is the penal sum (i.e., the face value) of the bond, unless a co-surety arrangement is proposed.

   (b) When multiple corporate sureties are involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated "SURETY(IES)" on the face of the form, insert only the letter identifier corresponding to each of the sureties. Moreover, when co-surety arrangements exist, the parties may allocate their respective limitations of liability under the bonds, provided that the sum total of their liability equals 100% of the bond penal sum.

   (c) When individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28) for each individual surety shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning its financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the words "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

STANDARD FORM 25A (REV. 8/2016) BACK

Complaint
Exhibit 1 - Page 4 of 5

Power of Attorney

0000077083

KNOW ALL MEN BY THESE PRESENTS THAT:

Nationwide Mutual Insurance Company, an Ohio corporation

hereinafter referred to severally as the "Company" and collectively as "the Companies" does hereby make, constitute and appoint:
DYLAN ARRE; JAMES E MAJESKEY II; MELISSA WOLF;

each in their individual capacity, its true and lawful attorney-in-fact, with full power and authority to sign, seal, and execute on its behalf any and all bonds and undertakings, and other obligatory instruments of similar nature, in penalties not exceeding the sum of

## UNLIMITED

and to bind the Company thereby, as fully and to the same extent as if such instruments were signed by the duly authorized officers of the Company; and all acts of said Attorney pursuant to the authority given are hereby ratified and confirmed.

This power of attorney is made and executed pursuant to and by authority of the following resolution duly adopted by the board of directors of the Company:

"RESOLVED, that the president, or any vice president be, and each hereby is, authorized and empowered to appoint attorneys-in-fact of the Company, and to authorize them to execute and deliver on behalf of the Company any and all bonds, forms, applications, memorandums, undertakings, recognizances, transfers, contracts of indemnity, policies, contracts guaranteeing the fidelity of persons holding positions of public or private trust, and other writings obligatory in nature that the business of the Company may require; and to modify or revoke, with or without cause, any such appointment or authority; provided, however, that the authority granted hereby shall in no way limit the authority of other duly authorized agents to sign and countersign any of said documents on behalf of the Company."

"RESOLVED FURTHER, that such attorneys-in-fact shall have full power and authority to execute and deliver any and all such documents and to bind the Company subject to the terms and limitations of the power of attorney issued to them, and to affix the seal of the Company thereto; provided, however, that said seal shall not be necessary for the validity of any such documents."

This power of attorney is signed and sealed under and by the following bylaws duly adopted by the board of directors of the Company.

Execution of Instruments. Any vice president, any assistant secretary or any assistant treasurer shall have the power and authority to sign or attest all approved documents, instruments, contracts, or other papers in connection with the operation of the business of the company in addition to the chairman of the board, the chief executive officer, president, treasurer or secretary; provided, however, the signature of any of them may be printed, engraved, or stamped on any approved document, contract, instrument, or other papers of the Company.

IN WITNESS WHEREOF, the Company has caused this instrument to be sealed and duly attested by the signature of its officer the 20th day of August, 2021.

Antonio C. Albanese, **Vice President** of Nationwide Mutual Insurance Company

### ACKNOWLEDGMENT

STATE OF NEW YORK COUNTY OF NEW YORK: ss
On this 20th day of August, 2021, before me came the above-named officer for the Company aforesaid, to me personally known to be the officer described in and who executed the preceding instrument, and he acknowledged the execution of the same, and being by me duly sworn, deposes and says, that he is the officer of the Company aforesaid, that the seal affixed hereto is the corporate seal of said Company, and the said corporate seal and his signature were duly affixed and subscribed to said instrument by the authority and direction of said Company.

Stephanie Rubino McArthur
Notary Public, State of New York
No. 02MC6270117
Qualified In New York County
Commission Expires October 19, 2024

Notary Public
My Commission Expires
October 19, 2024

### CERTIFICATE

I, Laura B. Guy, Assistant Secretary of the Company, do hereby certify that the foregoing is a full, true and correct copy of the original power of attorney issued by the Company; that the resolution included therein is a true and correct transcript from the minutes of the meetings of the boards of directors and the same has not been revoked or amended in any manner; that said Antonio C. Albanese was on the date of the execution of the foregoing power of attorney the duly elected officer of the Company, and the corporate seal and his signature as officer were duly affixed and subscribed to the said instrument by the authority of said board of directors; and the foregoing power of attorney is still in full force and effect.

IN WITNESS WHEREOF, I have hereunto subscribed my name as Assistant Secretary, and affixed the corporate seal of said Company this ____ day of _____.

Laura B. Guy

Assistant Secretary

BDJ 1(08-21)00

**Complaint Exhibit 1 - Page 5 of 5**

This document is valid VOID appears on the BLUE line on the right. The Nationwide watermark is integrating to the center of the document. Contact us at 212-329-6900 if this document is void or if you have any questions.